UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER, ANDREA WESTOVER,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C20-5931 BHS<br><br>ORDER ON PLAINTIFFS' MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiffs Randolff and Andrea Westover's motion for sanctions. Dkt. 21.

On March 1, 2021, Plaintiffs moved for Fed. R. Civ. P. 37(d)(1)(A)(i) sanctions against Defendant Provident Life and Accident Insurance Company for refusing to appear for its Rule 30(b)(6) deposition. *Id.* Provident does not dispute that the Rule 30(b)(6) deposition did not occur on March 1 as scheduled. However, the deposition took place on March 16, 2021.[1] Dkt. 26 at 4.

---

[1] In conjunction with its response to the motion for sanctions, Provident moved to seal Exhibits B, C, D, and E to the Declaration of Stephania Denton filed in support of its opposition to the motion for sanctions. Dkt. 28. The Court agrees that the documents should be kept under

1    Since the deposition occurred, the scope of Plaintiffs' motion fundamentally

2    changed. In their reply, Plaintiffs raised new issues about the adequacy of the Rule

3    30(b)(6) witness and the production and disclosure of new documents after the

4    deposition. Dkt. 30. The Court thus requested Provident submit a surreply addressing the

5    new arguments. Dkt. 32. Provident has since filed its surreply. Dkt. 46.

6    The Rule 30(b)(6) Notice of Deposition requested that Provident produce for

7    deposition the person (or persons) most knowledgeable about the below subjects, among

8    others:

> 19. All acts taken in regard to the sale of the policy to plaintiffs, including, without limitation, all payments made in connection with the policy; the role of plaintiff's employer related to the policy; all premium payments in connection with the policy; and all consideration (in the form of cash or otherwise) exchanged related to the policy's sale to plaintiff.
> 20. Your responses to discovery requests in this lawsuit including searches for documents responsive to the plaintiffs' discovery requests.
> 21. The factual bases for your affirmative defenses asserted in your answer to the plaintiffs' complaint.
> 22. The existence, maintenance, and location of all documents (including electronic information) related to the above topics.

Dkt. 47-1 (3/5/21 Notice of Deposition).

Plaintiffs assert that Provident's Rule 30(b)(6) witness was unprepared because the witness could not answer questions about whether Randolff Westover's employer had input into the materials used to promote the Provident insurance policy to employees like Mr. Westover. Dkt. 30 at 2. They further assert that Provident produced new documents and, after the deposition, disclosed that additional documents had yet to be produced. *Id.*

---

seal as the four exhibits contain summaries of Plaintiff's medical condition. The motion to seal is therefore **GRANTED**.

ORDER - 2

1    at 2–3. Plaintiffs thus argue that the Court should grant their motion for sanctions, bar
2    Provident from using evidence not disclosed at or prior to its Rule 30(b)(6) deposition to
3    oppose their pending partial motion for summary judgment, *see* Dkt. 38, and award them
4    fees and costs.
5          Provident argues that the Rule 30(b)(6) witness was adequately prepared and was
6    the most knowledgeable regarding certain topics relating to ERISA preemption. Dkt. 46
7    at 2–4. Provident also asserts that it explained to Plaintiffs at the Rule 30(b)(6) deposition
8    that it was continuing its investigation and would produce additional documents as soon
9    as possible. *Id.* at 4–5. On March 17, Provident produced the internal files that were
10   discussed during the deposition and, between March 19 and 21, produced all remaining
11   documents. *See* Dkt 47, ¶ 7; Dkt. 47-3.
12         Under Rule 37, a court may order sanctions if a party fails to appear for a
13   deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). Producing an unprepared witness may be
14   equivalent to a failure to appear that is sanctionable under Rule 37. *See Krausz Indus.,*
15   *Ltd. v. Romac Indus., Inc.*, No. C10-1204RSL, 2011 WL 13100750, at *1 (W.D. Wash.
16   Aug. 10, 2011) (citing *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275,
17   304 (3d Cir. 2000); *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th
18   Cir. 1993)).
19         Sanctions are warranted here for Provident's dilatory discovery production in
20   relation to the Rule 30(b)(6) deposition, but not in the form that Plaintiffs request.
21   Provident's conduct is not so severe as to warrant monetary sanctions or warrant barring
22   Provident from using the recently produced documents in opposition to Plaintiffs' partial

motion for summary judgment. Furthermore, it appears that the late-produced documents have not precluded Plaintiffs from filing a partial motion for summary judgment regarding the scope of ERISA preemption in accordance with the parties' agreed schedule. *See* Dkt. 38.

It is concerning to the Court that Provident did not produce or make available all documents as requested in the Notice of Deposition. Therefore, the Court orders sanctions against Provident in requiring that Provident make its Rule 30(b)(6) witness available for a second deposition concerning the untimely produced documents and that Provident bear the cost of the second deposition.[2] The parties may stipulate to an extended briefing schedule on Plaintiffs' partial motion for summary judgment and Provident's motion to dismiss Plaintiffs' state law claims, if the second Rule 30(b)(6) deposition is necessary to resolve the pending motions. Such a deposition may resolve Plaintiffs' recently-filed second motion for sanctions, *see* Dkt. 48, and the parties should advise the Court if that is the case.

Plaintiffs' motion for sanctions, Dkt. 21, is therefore **GRANTED**.

**IT IS SO ORDERED.**

Dated this 31st day of March, 2021.

BENJAMIN H. SETTLE
United States District Judge

---

[2] Plaintiffs' counsel indeed left the deposition open subject to additional documents and other information which had yet to be produced. *See* Dkt. 47-2 at 88:16–20.