THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER and ANDREA WESTOVER, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:20-cv-05931-BHS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION FOR EXCLUSION OF EVIDENCE** |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff's second motion for sanctions should be denied. With respect to documents, the Court already addressed the same arguments and ruled that plaintiff's remedy is to continue the deposition of Provident's Civil Rule 30(b)(6) witness plus have the opportunity for more time before addressing the ERISA preemption issue. With respect to the Declaration of Bill Deuink of HFCB (plaintiff's employer's broker), plaintiff has known about the involvement of HFCB since before he even submitted his claim to Provident. Furthermore, any late disclosure of HFCB was substantially justified since plaintiff previously asserted that the Plan at issue was governed by the Employee Retirement Income Security Act ("ERISA") before changing his position and harmless since plaintiff has equal access to Mr. Deuink and ample opportunity to conduct discovery.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
(Case No. 3:20-cv-05931-BHS) - 1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

In the alternative, if the Court excludes evidence based on plaintiff's arguments, then it also should exclude evidence that was not disclosed by plaintiff in his Civil Rule 26(a) disclosures.

## II. STATEMENT OF FACTS

As the Court is aware from previous briefing, this case involves a claim for disability benefits under a disability plan provided by D.R. Horton to its highly-compensated employees underwritten by Provident.

Plaintiff obtained the disability coverage through his employer, D.R. Horton. D.R. Horton hired broker HFCB to handle enrollment and administration for the Plan.[1] During the enrollment process, plaintiff received a customized offer packet that informed him to contact D.R. Horton's "plan administrator, HFCB" at customerservice@hfcb.com with any questions about coverage. (Dkt. 34, *Deuink Decl.*, Ex. B.)

After submitting his disability claim to Provident, plaintiff (through his current attorney) repeatedly asserted that ERISA governed the Plan. *See, e.g.,* (Dkt. 29, Ex. B) (requesting documents "and all other information to which Mr. Westover is entitled ***under the Employee Retirement Income Security Act ("ERISA")***"); (Dkt. 29, Ex. D) (asserting: "Unum's decision on Westover's LTD claim is overdue ***in violation of ERISA***" and "Westover requests Unum render a decision based on the information previously submitted ***in compliance with ERISA***.") (emphasis added). Plaintiff inexplicably changed his position when he filed suit (before Provident rendered a decision on his claim) asserting claims under state law. (Dkt. 1.)

The parties exchanged Civil Rule 26(a) initial disclosures on December 21, 2020. (Dkt. 49-1; *Decl. of S. Denton*, Ex. A.) Provident identified "[i]ndividuals employed [by] ***or affiliated with*** D.R. Horton" as potential witnesses to address "Plaintiff Randolff Westover, his job, his job performance, and/or his alleged disability claim, and allegedly disabling conditions." Provident also identified "[d]ocuments relating to the Disability Income Policy at issue." (Dkt. 49-1;

---

[1] A broker is commonly known as an insurance intermediary that represents insureds rather than insurers. *See, e.g.*, https://www.irmi.com/term/insurance-definitions/broker (last accessed 4/9/21).

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
(Case No. 3:20-cv-05931-BHS) - 2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

emphasis added.) Plaintiff identified D.R. Horton "including agents and employees thereof" as witnesses to testify, but limited the scope of that testimony to "Mr. Westover's job duties and the circumstances of Westover's disability." *Decl. of S. Denton*, Ex. A.

On March 16, 2021, plaintiff took the deposition of Provident's Civil Rule 30(b)(6) witness, Donna Dinsmore (Dkt. 47-2). During her deposition, Ms. Dinsmore explained that the customized offer letter sent to plaintiff was not prepared or sent by Provident, but was created by HFCB, the broker hired by D.R. Horton. (*Id*. (Dinsmore Dep. at 28:9-20; 38:14-39:1) (testifying that D.R. Horton hired HFCB to act as its broker, to send marketing materials to its employees, to respond to employee questions, and to handle enrollment in the IDI Plan).) Ms. Dinsmore further explained that Provident has no relationship with HFCB, other than doing business with HFCB when it acts as a broker or enroller on behalf of an employer. (*Id.* at 42:11-16.) Ms. Dinsmore had to repeatedly remind plaintiff's counsel that in 2017 and 2018, D.R. Horton's broker, HFCB, was in charge of enrollment and that the customized offer letters were prepared by HFCB. (*Id*. at 68:18-22, 84:20-23.) Despite this testimony, and following Ms. Dinsmore's deposition, plaintiff unilaterally cancelled the deposition of D.R. Horton scheduled to take place on March 19, 2021. (Dkt. 47, ¶ 5.)

On March 17, 2021, Provident offered to allow plaintiff to continue Ms. Dinsmore's deposition and/or to agree on an alternate briefing schedule for ERISA preemption motions in order to give plaintiff sufficient time to review the recently-produced documents.[2] (Dkt. 47-3.) On March 17, 2021, Provident produced Ms. Dinsmore's internal files that were discussed during her deposition. *Id.*, ¶ 7. On March 19 to 21, 2021, Provident produced all remaining documents. *Id*.

On March 19, 2021, Provident again attempted to resolve the parties' disputes via compromise as opposed to motion. (Dkt. 47-4.) Provident again offered to continue the

---

[2] The parties had previously informally agreed to file cross-motions addressing ERISA preemption on March 25, 2021.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
(Case No. 3:20-cv-05931-BHS) - 3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

deposition of Ms. Dinsmore and/or agree on an alternate briefing schedule for ERISA preemption motions. *Id*.

Plaintiff rejected Provident's repeated offers to continue the informally-agreed upon date to file cross-motions addressing ERISA applicability. On March 25, 2021, the parties filed cross-motions addressing the issue of whether the D.R. Horton disability Plan is governed by ERISA. (Dkts. 33 and 38.) Both parties relied on testimony from D.R. Horton to support their motions. (*Id*.)

Plaintiff previously filed a motion for sanctions seeking exclusion of evidence. On March 31, 2021, the Court issued an order refusing to exclude evidence, but requiring Provident to make Ms. Dinsmore available for a second deposition and to bear the cost of that deposition. (Dkt. 50.) The Court also ruled that "[t]he parties may stipulate to an extended briefing schedule on Plaintiff's partial motion for summary judgment and Provident's motion to dismiss Plaintiff's state law claims …." (*Id*. at 4.) Provident offered to agree to an extended briefing schedule, and plaintiff rejected the offer. *Denton Decl*., ¶ 3.

### III.  AUTHORITY

A district court has wide latitude in determining motions under Fed. R. Civ. P. 37(c)(1). *Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106-07 (9th Cir. 2001). In addition to evaluating whether any discovery requirement was, in fact, violated, the Court should consider whether any violation was substantially justified or harmless. *Id*. For motions that seek exclusion of evidence, the Court also should consider whether the party against whom sanctions are sought acted willfully or in bad faith. *Galentine v. Holland America Line-Westours, Inc*., 333 F. Supp. 2d 991, 993 (W.D. Wash. 2004). The following factors are used to guide the court's discretion: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir. 1997); see also *Burnett v. United States*, 2016 WL 8732344, *3 (C.D. Cal. Aug. 17, 2016) (holding that Rule 37(c)(1)'s exclusion sanctions "are

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
 (Case No. 3:20-cv-05931-BHS) - 4

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

not mandatory"); *Bonzani v. Shinseki*, 2014 WL 66529, at *3 (E.D. Cal. Jan. 8, 2014) (finding Rule 37(c)(1) exclusion sanctions are not mandatory, even when the insufficient disclosures are not substantially justified or harmless).

Civil Rule 37(c)(1) requires the Court to consider whether any discovery violation was substantially justified or harmless. "This is an either/or standard, meaning a party need only show that its failure was either substantially justified or harmless in order to avoid exclusion." *Holen v. Jozik*, 2018 WL 5761775, *2 (W.D. Wash. Nov. 2, 2018). Substantial justification exists where reasonable minds could differ. *F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006 (D. Nev. Aug. 1, 2013) (refusing to award sanctions). To determine whether a late disclosure was substantially justified or harmless, courts consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Holen*, 2018 WL 5761775 at *2 (citing *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010)).

Here, plaintiff cannot – and does not – claim that he was surprised by testimony from HFCB. The identity and involvement of HFCB, a broker hired by plaintiff's employer, was well known to plaintiff prior to plaintiff obtaining disability coverage, during the claim process, and from the beginning of this litigation.[3]

Plaintiff also had and continues to have the ability to cure any prejudice. This case is entirely different from the primary case on which plaintiff relies, *Yeti*, 259 F.3d 1101, in which an expert report was submitted over two years late, after the discovery deadline, and on the eve of trial. Based on this distinction, the District Court of the Western District of Washington has repeatedly rejected arguments to exclude evidence as a sanction. *See, e.g., Holen*, 2018 WL 5761775, *5 (citing *Yeti* and refusing to exclude witness testimony when "this is not a case where trial is too soon for Mr. Holen to depose these witnesses or prepare for their cross-examinations

---

[3] *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring supplementation of initial disclosures unless "the additional or corrective information has ... otherwise been made known to the other parties during the discovery process or in writing").

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
 (Case No. 3:20-cv-05931-BHS) - 5

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

[and] Mr. Holen had sufficient time to depose these witnesses before the discovery deadline, which would have cured any prejudice"); *Hassebrock v. Air & Liquid Sys. Corp.*, 2016 WL 4496917, *5 (W.D. Wash. Apr. 11, 2016) (agreeing with plaintiffs' distinction of *Yeti* on the ground that the party seeking sanctions "is not prejudiced by this information, provided in deposition in response to its own questioning, and available to [it] many months before the now rescheduled trial"); *Carver v. Audio Products Intern. Corp.*, 2003 WL 25673996 (W.D. Wash. Mar. 4, 2003) (distinguishing *Yeti* on the ground that expert report was provided two months before trial instead of four weeks, and plaintiff had the opportunity to depose the late-disclosed expert); *Galentine,* 333 F. Supp. 2d at 994 (refusing to exclude evidence on the ground that the party seeking sanctions knew about the expert witness "by the disclosure deadline" and, accordingly, "[t]his is unlike the fact pattern" in *Yeti*); *see also Van Maanen v. Univ. of the Nations, Inc.,* 542 Fed. Appx. 581 (9th Cir.2013) (finding a failure to disclose a witness harmless where the identity, location and subject of information possessed by a witness was revealed during numerous depositions in the same case months before the discovery cut-off date); *Norwood v. Children and Youth Svcs., Inc.*, 2013 WL 12133879, *6 (C.D. Cal. Dec. 3, 2013) (refusing to exclude testimony from two fact witnesses who were known to the opposing party); *Macias v. Perez*, 2011 WL 2669475, *3 (S.D. Cal. Jul. 7, 2011) (refusing to exclude expert testimony and noting: "Unlike in *Yeti,* Mr. Bayer's report was provided sufficiently far enough in advance of trial to allow Defendant to prepare for and take Mr. Bayer's deposition. The situation in this case is distinguishable from one in which the expert report is produced ***after*** the close of all discovery and would necessarily delay the case;" emphasis in original).

Furthermore, exclusion of evidence is considered to be a "severe sanction." *Pioneer Drive, LLC*, 262 F.R.D. at 560. In *Pioneer Drive, LLC*, the court recognized that when there is no pattern of flouting discovery orders or imposition of previous sanctions, "[t]o impose such a drastic punishment [as exclusion of evidence] would be both disproportionate as well as frustrate litigation's goal of resolving disputes on the merits." *See also Great Am. Ins. Co. of N.Y. v. Vegas*

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
 (Case No. 3:20-cv-05931-BHS) - 6

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

*Constr. Co., Inc.,* 251 F.R.D. 534, 543 (D. Nev. 2008) ("Sanctions that prohibit a party from introducing evidence 'are typically reserved only for flagrant discovery abuses.'").

Accordingly, evidence should not be excluded as a sanction in the absence of bad faith. *See Galentine,* 333 F. Supp. 2d at 993-94 (distinguishing *Yeti* on the ground that in *Yeti*, the plaintiff's two-year delay in providing its expert report was done in bad faith); *see also Otto v. Midwestern, LLC*, 2018 WL 8263607, *2 (D. Nev. Nov. 16, 2018) (holding that "the Ninth Circuit requires the trial court to address whether there is evidence of willfulness, fault or bad faith prior to imposing the sanction of exclusion") (citing *R&R Sails v. Insurance Co. of Pa.*, 673 F.3d 1240 (9th Cir. 2012)).

Here, Provident did not violate any discovery requirement. Provident disclosed D.R. Horton and affiliated companies to broadly address plaintiff's claim and the disability Plan. Furthermore, plaintiff changed his position regarding ERISA applicability, and did not disclose any witnesses to address his changed position on the ERISA issue. Any deficiencies in Provident's disclosures were substantially justified due to plaintiff's changed position, and were harmless since plaintiff was well aware of HFCB's involvement and has equal access to HFCB's witnesses but chose not to conduct discovery. Plaintiff's second motion for sanctions should be denied.

## IV.  CONCLUSION

Plaintiff purposely has chosen to not take advantage of opportunities available to him such as taking the deposition of D.R. Horton or requesting additional time to address the ERISA issue (which the Court previously ruled plaintiff could have) – choosing instead to file multiple meritless motions seeking sanctions. The Court should deny this second sanctions motion in its entirety. Alternatively, if the Court rules to exclude evidence based on Provident's Civil Rule 26(a) disclosures, then it should do the same for plaintiff.

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
(Case No. 3:20-cv-05931-BHS) - 7

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

DATED: April 12, 2021

                      LANE POWELL PC

By  *s/ Stephania Denton*
     D. Michael Reilly, WSBA No. 14674
     Stephania Denton, WSBA No. 21920
     Michael "Mac" Brown, WSBA No. 49722
     1420 Fifth Avenue, Suite 4200
     P.O. Box 91302
     Seattle, WA 98111-9402
     Telephone: 206.223.7000
     Facsimile: 206.223.7107
     reillym@lanepowell.com
     dentons@lanepowell.com
     brownm@lanepowell.com
Attorneys for Defendant Provident Life and Accident Insurance Company

DEFENDANT'S OPPOSITION TO PLAINTIFFS' SECOND MOTION
FOR SANCTIONS AND ALTERNATIVE CROSS-MOTION
(Case No. 3:20-cv-05931-BHS) - 8

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107