HON. JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER and ANDREA WESTOVER, husband and wife, and the marital community composed thereof,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>Defendant. | No. 3:20-cv-05931-BHS<br><br>DECLARATION OF MCKEAN J. EVANS IN SUPPORT OF THE WESTOVERS' ALTERNATIVE REQUEST FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D) |

MCKEAN J. EVANS makes the following declaration based on personal knowledge:

1. I am over 18 years of age. I am competent to testify.

2. I am the attorney representing the Westovers in the above-captioned action.

3. I make this declaration in support of the Westovers' alternative request for additional discovery pursuant to Fed. R. Civ. P. 56(d).

4. Provident's Motion to Dismiss for ERISA Preemption relies on documents and testimony for which the Westovers have not had the opportunity to conduct discovery because the evidence was not timely disclosed. This includes the testimony of Donna Dinsmore and Bill

DECLARATION OF MCKEAN J. EVANS IN
SUPPORT OF THE WESTOVERS'
ALTERNATIVE REQUEST FOR
ADDITIONAL DISCOVERY UNDER FED.
R. CIV. P. 56(D)
(No. 3:20-cv-05931-BHS) - 1

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

Dueink, Dinsmore Declaration Exhibits A, B, C, D, F, and G, and Deuink Declaration Exhibit A, and several hundred pages of additional documents not timely disclosed in discovery,

5. The Westovers were deprived of the opportunity to examine witnesses regarding these exhibits, and to depose Mr. Dueink and HFCB, because Provident failed to timely disclose this evidence.

6. Provident served its Initial Disclosures in this matter on December 21, 2020. Provident produced no documents with its Initial Disclosures (*see* Dkt. No. 49-1). Provident did not identify Mr. Dueink or HFCB as parties with discoverable information.

7. Provident served its responses to the Westovers' discovery requests in this matter on January 14, 2021 (*see* Dkt. No. 22-1). Provident produced no documents with its discovery responses. Provident identified no witnesses or facts supporting its ERISA preemption defense in its interrogatory answers.

8. I requested a discovery conference with Provident's counsel for the purpose of, among other things, determining a date certain for disclosure of the documents supporting Provident's ERISA preemption defense. *See* Dkt. No. 22-5. That conference occurred January 29, 2021. During that phone call, in addition to discussing Provident's Fed. R. Civ. P. 30(b)(6) deposition, I requested that Provident's counsel provide a "date certain" for production of documents regarding ERISA preemption. I told Provident's counsel that the Westovers could be flexible about the date if Provident needed more time to produce the documents, but emphasized that we needed a "date certain" and would bring a motion asking the Court to establish such a date if Provident would not commit to one. Provident's counsel agreed that she would confirm with her client and provide a "date certain" for production of these documents.

DECLARATION OF MCKEAN J. EVANS IN SUPPORT OF THE WESTOVERS' ALTERNATIVE REQUEST FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D)
(No. 3:20-cv-05931-BHS) - 2

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

9. Following the January 29, 2021 conference, I sent Provident's counsel a confirmatory email to memorialize her agreement to provide a date certain for production of the documents regarding ERISA preemption. *See* Dkt. No. 31-1 at 4. I sent this email because I wanted to specifically memorialize that we would be provided a date certain for this production in order to ensure we received these materials before the depositions of D.R. Horton and Provident.

10. Provident's counsel replied to my email and stated Provident "should be able to produce documents next week." Dkt. No. 31-1 at 3. This response concerned me because I worried that Provident's counsel was not committing for a date certain for production of the documents, which was important for proceeding with the depositions.

11. Accordingly, I responded to Provident's counsel by reiterating that the Westovers needed a "date certain" for production of the documents regarding ERISA preemption. Dkt. No. 31-1 at 2. I stated that if Provident's counsel could not commit to producing these documents by February 5, 2021, then I would ask the Court to set a deadline for these documents' disclosure. *Id*.

12. Provident's counsel replied by confirming Provident would produce the documents by "next week", i.e., the week of February 5, 2021. Dkt. No. 31-1 at 2.

13. On February 5, 2021, Provident produced documents Bates-numbered PLA-MS-000001-000515, as well as additional documents unrelated to ERISA preemption such as copies of the insurance policy and the claim file for Mr. Westover's insurance claim. *See* Dkt. No. 49-2.

DECLARATION OF MCKEAN J. EVANS IN SUPPORT OF THE WESTOVERS' ALTERNATIVE REQUEST FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D)
(No. 3:20-cv-05931-BHS) - 3

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

14. On February 19, 2021, Provident produced a supplemental production of documents regarding ERISA preemption Bates-numbered PLA-MS-00213-310. *See* Dkt. No. 49-3.

15. On March 16, 2021, Provident appeared for its Fed. R. Civ. P. 30(b)(6) deposition through Donna Dinsmore, but the witness was not prepared to answer questions regarding D.R. Horton's input into materials used to promote the Provident policy to employees like Mr. Westover. *See* Dkt. No. 50 at 3-4.

16. On March 17, 2021, after the depositions of D.R. Horton and Provident had occurred, Provident produced new documents regarding ERISA preemption Bates-numbered UNUM 002427-2632. *See* Dkt. No. 49-4.

17. On March 19 and 21, Provident produced new documents regarding ERISA preemption Bates-numbered UNUM 2633-3394, UNUM 003697-4389 and UNUM 004390-4481. *See* Dkt. No. 49-5.

18. On March 31, 2021, the Court granted the Westovers' Motion for Sanctions in part, ordering Provident to make its Fed. R. Civ. P. 30(b)(6) witness Ms. Dinsmore available for a continued deposition. Dkt. No. 50.

19. On April 2, 2021, the Westovers requested dates for Ms. Dinsmore's deposition. Provident advises Ms. Dinsmore is unavailable through April 26, 2021. The deposition could not have been scheduled sooner due to Provident's incomplete document production and Ms. Dinsmore's health issues. Attached hereto as Exhibit A is a true and correct copy of an email string memorializing these discussions.

20. On April 2, 2021, the Westovers served subpoenas on Mr. Dueink and on HFCB seeking documents and testimony regarding the respective roles of Provident and D.R. Horton

DECLARATION OF MCKEAN J. EVANS IN SUPPORT OF THE WESTOVERS' ALTERNATIVE REQUEST FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D)
(No. 3:20-cv-05931-BHS) - 4

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

in the promotion of the Provident policies to D.R. Horton employees. The depositions are scheduled for May 13 and 14, 2021, but have not been confirmed with the witnesses. Attached hereto as Exhibit B are true and correct copies of these subpoenas.

21. The depositions of Dinsmore, Dueink, and HFCB are necessary to test Provident's contentions regarding HFCB's role in the policy's offering to D.R. Horton employees, and specifically Provident's assertions that HFCB's conduct should be imputed to D.R. Horton, that D.R. Horton drafted the materials used to promote the policies to employees, and that D.R. Horton reached certain agreements about promoting the policy and helping notify Unum of claims under the policy.

22. Contemporaneous with filing this declaration, I am submitting the Westovers' Opposition to Provident's Motion to Dismiss for ERISA Preemption, which explains that the above evidence cannot, as a matter of law, show that the Provident policy is subject to ERISA. For instance, much of the above evidence is offered to show D.R. Horton "endorsed" the policy within the meaning of ERISA's "safe harbor", but the safe harbor only becomes relevant if the Court disagrees with the Westovers that the policy was not issued through an employee benefit plan. Further, the conduct of D.R. Horton would not rise to the level of endorsement within the safe harbor even if such conduct could be imputed to D.R. Horton.

23. But, in the alternative, if the Court disagrees with the foregoing and determines this evidence could establish ERISA preemption, I request that the Court continue Provident's Motion to Dismiss until the Westovers have had the opportunity to take discovery from Ms. Dinsmore, Mr. Dueink, and HFCB.

/

/

DECLARATION OF MCKEAN J. EVANS IN SUPPORT OF THE WESTOVERS' ALTERNATIVE REQUEST FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D)
(No. 3:20-cv-05931-BHS) - 5

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

**I declare under penalty of perjury of the laws of the State of Washington and the laws of the United States of America that the foregoing is true and correct.**

Dated April 12, 2021, at Seattle, Washington.

*s/ McKean J. Evans*
MCKEAN J. EVANS

DECLARATION OF MCKEAN J. EVANS IN SUPPORT OF THE WESTOVERS' ALTERNATIVE REQUEST FOR ADDITIONAL DISCOVERY UNDER FED. R. CIV. P. 56(D)
(No. 3:20-cv-05931-BHS) - 6

Ruiz & Smart PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702