EXHIBIT B

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Western District of Washington

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:20-cv-05931-BHS |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Bill Deuink, 5411 McAlpine Farm Road, Charlotte, NC 28226

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: VIA REMOTE VIDEOCONFERENCE; Ruiz & Smart PLLC, 1200 Fifth Avenue, Suite 1220 Seattle, WA 98101 | Date and Time: 05/13/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and video

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/02/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | s/ McKean J. Evans |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
, who issues or requests this subpoena, are:

McKean J. Evans, 1200 Fifth Avenue, Suite 1220, Seattle, WA 98101, mevans@ruizandsmart.com, (206) 800-2689

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:20-cv-05931-BHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   3:20-cv-05931-BHS |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Bill Deuink, 5411 McAlpine Farm Road, Charlotte, NC 28226

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A HERETO

| Place: Ruiz & Smart PLLC, 1200 Fifth Avenue, Suite 1220 Seattle, WA 98101 | Date and Time:<br><br>05/04/2021 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     04/02/2021

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ | s/ McKean J. Evans |
| *Signature of Clerk or Deputy Clerk* | _____ |
| | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____Plaintiffs____
_____ , who issues or requests this subpoena, are:

McKean J. Evans, 1200 Fifth Avenue, Suite 1220, Seattle, WA 98101, mevans@ruizandsmart.com, (206) 800-2689

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:20-cv-05931-BHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

    ❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

THE HONORABLE BENJAMIN H. SETTLE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

RANDOLFF SCOTT RUFFELL
WESTOVER and ANDREA WESTOVER,
husband and wife, and the marital
community composed thereof,

        Plaintiffs,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

No. 3:20-cv-05931-BHS

ATTACHMENT A TO SUBPOENA
*DUCES TECUM* TO BILL DEUINK

## I.    PRELIMINARY STATEMENT

1.      In accordance with Fed. R. Civ. P. 34 and 45, produce the documents designated

herein for inspection and copying at the offices of Ruiz & Smart PLLC at a mutually agreed-

upon time, but no later than 30 days from the date of service of this request upon you.

Alternatively, documents may be attached to these answers. Any request for a document made

herein shall be deemed to include a request for a copy of that document if the original is not in

the care, custody, or control of you, your employees, agents, representatives, attorneys, or

accountants.

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO BILL DEUINK
(No. 3:20-cv-05931-BHS) - 1

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

2.      A request for production of documents includes all originals and copies of documents within your care, custody, and control or that of your agents, employees, representatives, attorneys, and accountants.

3.      If, in responding to or failing to respond to these discovery requests, you invoke or rely upon privilege of any kind, state specifically the nature of the privilege, the basis upon which you invoke, rely or claim it, including statutory or decisional reference, and identify all documents or other information, including contacts and communications, which you believe to be embraced by the privilege invoked.

4.      Throughout these discovery requests language should be read in light of the context in which it is used. The singular includes the plural and the plural includes the singular where appropriate. The masculine is intended to refer to the feminine where appropriate and vice versa. "And" and "or" should be read as "and/or" where necessary to give a request the broadest possible meaning.

## II.      DEFINITIONS

As used in these discovery requests, the terms listed below are defined as follows:

1.      "Document" means any recorded material in any form, including originals and copies (whether identical or not), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, facsimile, invoices, work sheets and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, tapes,

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

tape recording transcripts, graphic or aural records or representations of any kinds, and electronic, mechanical or electric records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody or control.

2.      "Possession" includes the joint or several possession, custody or control not only by the person to whom these discovery requests are addressed, but also the joint and several possession, custody or control by each or any other person acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

3.      "Relates to" or "relating to" means supports, evidences, describes, mentions, refers to, concerns, contradicts, or compromises.

4.      "Person" means any person, firm, corporation, partnership, proprietorship, joint venture, organization, group or persons, or other associations separately identifiable, whether or not such association has a separate legal existence in its own right.

5.      "Provident" refers to Defendant Provident Life and Accident Insurance Company, including, without limitation, its agents, employees, representatives, parent entities (such as Unum Group), predecessors, successors, attorneys, and accountants.

6.      "D.R. Horton" refers to D.R. Horton, Inc., including, without limitation, its agents, employees, representatives, parent entities, subsidiaries (including, without limitation, DHI Mortgage Company Ltd.), predecessors, successors, attorneys, and accountants.

7.      Throughout these requests, the masculine includes the feminine, the singular includes the plural, and "and" and "or" should be read as "and/or", whenever necessary to give a request the broadest possible meaning.

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO BILL DEUINK
(No. 3:20-cv-05931-BHS) - 3

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

### III.    REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce all documents related to this lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 2: Please produce all communications regarding the offering of Provident disability insurance policies to employees of D.R. Horton, Inc.

RESPONSE:


REQUEST FOR PRODUCTION NO. 3: Please produce all documents or communications (including websites) used to promote, market, advertise, publicize, or sell Provident disability insurance policies to employees of D.R. Horton, Inc.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4: Please produce all drafts, templates, or working copies of any document responsive to the foregoing request. Without limiting the foregoing or any other request herein, this request seeks production of electronic documents in their native format.

RESPONSE:


REQUEST FOR PRODUCTION NO. 5: Please produce all documents used or relied on by you to respond to questions from D.R. Horton employees regarding Provident disability insurance coverage, including, without limitation, telephone intake scripts, summaries of

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO BILL DEUINK
(No. 3:20-cv-05931-BHS) - 4

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

coverage, documents or training materials provided to persons responding to phone calls or emails from D.R. Horton employees, or documents used in preparing any website maintained in connection with the offering.

RESPONSE:


REQUEST FOR PRODUCTION NO. 6: Please produce all drafts, templates, or working copies of any document responsive to the foregoing request. Without limiting the foregoing or any other request herein, this request seeks production of electronic documents in their native format.

RESPONSE:


REQUEST FOR PRODUCTION NO. 7: Please produce all documents containing, memorializing, or referring to communications with Provident or its attorneys regarding this lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 8: Please produce all agreements, timelines, processes, manuals, protocols, guidance, rules, outlines, or procedures regarding work performed in connection with the Provident disability insurance policies offered to employees of D.R. Horton, Inc., including, without limitation, the promotion of the policies and the post-sale administration of the policies.

RESPONSE:

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO BILL DEUINK
(No. 3:20-cv-05931-BHS) - 5

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REQUEST FOR PRODUCTION NO. 9: Please produce all drafts, templates, or working copies of any document responsive to the foregoing request. Without limiting the foregoing or any other request herein, this request seeks production of electronic documents in their native format.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10: Please produce all documents related to the post-sale administration (e.g., claims handling, policy amendment, or premium payments) of any Provident disability insurance policy sold to a D.R. Horton employee.

RESPONSE:


REQUEST FOR PRODUCTION NO. 11: Please produce documents sufficient to identify all monies you received, disbursed, paid, passed through, or handled related to the offering of Provident disability insurance policies to employees of D.R. Horton, Inc. or to the administration of those insurance policies after their sale.

RESPONSE:


REQUEST FOR PRODUCTION NO. 12: Please produce all documents not otherwise responsive to these requests that contain, reflect, memorialize, or describe your actions taken regarding the offering of Provident disability insurance policies to employees of D.R. Horton, Inc.

RESPONSE:

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

REQUEST FOR PRODUCTION NO. 13: For any enrollment, offering, marketing, or sale of benefits insured by Unum Group, or any of its subsidiaries, in which you were involved from 2005 through the present, produce documents sufficient to show the following:

       (a)     your role in the enrollment, offering, marketing, or sale;

       (b)     the identity of any employer involved in the enrollment, offering, marketing, or sale;

       (c)     the number of insurance policies sold; and

       (d)     the amount and source of all payments received in connection therewith.

RESPONSE:


REQUEST FOR PRODUCTION NO. 14: Please produce documents sufficient to show your role with respect to any benefit offered to D.R. Horton employees besides the Provident disability insurance policies.

RESPONSE:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the
### Western District of Washington

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | ) |
| *Defendant* | ) |

Civil Action No.   3:20-cv-05931-BHS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Hinrichs Financial Corporate Benefits, LLC, 11111 Carmel Commons Blvd, Suite 125, Charlotte, NC 28226

*(Name of person to whom this subpoena is directed)*

✔ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE ATTACHMENT A HERETO

| Place:  VIA REMOTE VIDEOCONFERENCE; Ruiz & Smart PLLC, 1200 Fifth Avenue, Suite 1220 Seattle, WA 98101 | Date and Time: 05/14/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and video

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    04/02/2021

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | s/ McKean J. Evans |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
, who issues or requests this subpoena, are:
McKean J. Evans, 1200 Fifth Avenue, Suite 1220, Seattle, WA 98101, mevans@ruizandsmart.com, (206) 800-2689

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:20-cv-05931-BHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE HONORABLE BENJAMIN H. SETTLE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

RANDOLFF SCOTT RUFFELL
WESTOVER and ANDREA WESTOVER,
husband and wife, and the marital
community composed thereof,

        Plaintiffs,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

No. 3:20-cv-05931-BHS

ATTACHMENT A TO SUBPOENA
TO HINRICHS FINANCIAL
CORPORATE BENEFITS, LLC D/B/A
HFCB

        Please contact McKean J. Evans at mevans@RuizandSmart.com, (206) 800-2689, to

confer regarding the deposition topics identified in this subpoena as required under Fed. R. Civ.

P. 30(b)(6).

        PLEASE TAKE NOTICE that the Fed. R. Civ. P. 30(b)(6) deposition of the following

entity will occur as stated below:

        ENTITY:    HINRICHS FINANCIAL CORPORATE BENEFITS, LLC

        DATE:      May 14, 2021

        TIME:      9:00 a.m. Pacific

ATTACHMENT A TO SUBPOENA TO
HINRICHS FINANCIAL CORPORATE
BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 1

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

PLACE:        VIA REMOTE VIDEOCONFERENCE
              Ruiz & Smart PLLC
              1200 Fifth Avenue, Suite 1220
              Seattle, WA 98101

The deposition will be taken upon oral examination at the request of the plaintiffs in this action before a court reporter authorized by law to administer oaths and will be recorded by video and other stenographic means.

Rule 30(b)(6) of the Federal Rules of Civil Procedure requires that the entity to be deposed designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf; and may set forth the matters on which each person designated will testify. The designee(s) shall testify as to all information known or reasonably available to the entity, including its directors, officers, employees, agents, attorneys, and other representatives in their capacity as such. For each of the following subjects, the entity is to designate and produce for deposition the person(s) at the entity who know the most about the following subjects:[1]

1.      The offering of disability insurance policies insured by Provident[2] to employees of D.R. Horton.[3]

2.      Your communications with D.R. Horton employees regarding Provident disability insurance.

---

[1] Throughout these topics, the masculine includes the feminine, the singular includes the plural, and "and" and "or" should be read as "and/or," whenever necessary to give a request the broadest possible meaning.
[2] "Provident" refers to Defendant Provident Life and Accident Insurance Company, including, without limitation, its agents, employees, representatives, parent entities (such as Unum Group), predecessors, successors, attorneys, and accountants.
[3] "D.R. Horton" refers to D.R. Horton, Inc., including, without limitation, its subsidiaries such as DHI Mortgage Company Ltd.

ATTACHMENT A TO SUBPOENA TO
HINRICHS FINANCIAL CORPORATE
BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 2

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

3.     Your role in promoting, marketing, advertising, publicizing, or selling Provident disability insurance to D.R. Horton employees.

4.     The documents used to promote, market, advertise, publicize, or sell Provident disability insurance to D.R. Horton employees, including, without limitation, the persons and entities involved in drafting, editing, approving, or disseminating such documents, and all drafts, templates, or working copy versions of such documents.

5.     The agreements, timelines, processes, manuals, protocols, guidance, rules, outlines, or procedures regarding work performed in connection with the Provident disability insurance policies offered to employees of D.R. Horton, Inc. (including, without limitation, the promotion of the policies and the post-sale administration of the policies), as well as the persons and entities involved in drafting, editing, approving, or disseminating such documents, and all drafts, templates, or working copy versions of such documents.

6.     The post-sale administration (e.g., claims handling, policy amendment, or premium payments) of any Provident disability insurance policy sold to a D.R. Horton employee.

7.     The monies you received, disbursed, paid, passed through, or handled related to the offering of Provident disability insurance policies to employees of D.R. Horton, Inc. or to the administration of those insurance policies after their sale.

8.     Your business relationship with Unum Group and its subsidiaries, including any enrollment, offering, marketing, or sale of benefits insured by Unum Group, or any of its subsidiaries, in which you were involved from 2005 through the present.

9.     Your role with respect to any benefit offered to D.R. Horton employees besides the Provident disability insurance policies.

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10.     Your communications with Provident or its attorneys regarding this lawsuit.

ATTACHMENT A TO SUBPOENA TO
HINRICHS FINANCIAL CORPORATE
BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Western District of Washington

| | |
|---|---|
| RANDOLFF SCOTT RUFFELL WESTOVER, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY | ) |
| *Defendant* | ) |

Civil Action No.   3:20-cv-05931-BHS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Hinrichs Financial Corporate Benefits, LLC, 11111 Carmel Commons Blvd, Suite 125, Charlotte, NC 28226

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A HERETO

| Place: Ruiz & Smart PLLC, 1200 Fifth Avenue, Suite 1220 Seattle, WA 98101 | Date and Time: 05/04/2021 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   04/02/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | s/ McKean J. Evans |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
, who issues or requests this subpoena, are:

McKean J. Evans, 1200 Fifth Avenue, Suite 1220, Seattle, WA 98101, mevans@ruizandsmart.com, (206) 800-2689

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:20-cv-05931-BHS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:  _____                _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE HONORABLE BENJAMIN H. SETTLE

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

RANDOLFF SCOTT RUFFELL
WESTOVER and ANDREA WESTOVER,
husband and wife, and the marital
community composed thereof,

        Plaintiffs,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

No. 3:20-cv-05931-BHS

ATTACHMENT A TO SUBPOENA
*DUCES TECUM* TO HINRICHS
FINANCIAL CORPORATE
BENEFITS, LLC D/B/A HFCB

## I.  PRELIMINARY STATEMENT

1.  In accordance with Fed. R. Civ. P. 34 and 45, produce the documents designated herein for inspection and copying at the offices of Ruiz & Smart PLLC at a mutually agreed-upon time, but no later than 30 days from the date of service of this request upon you. Alternatively, documents may be attached to these answers. Any request for a document made herein shall be deemed to include a request for a copy of that document if the original is not in the care, custody, or control of you, your employees, agents, representatives, attorneys, or accountants.

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO HINRICHS FINANCIAL
CORPORATE BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 1

**RUIZ & SMART PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

2.      A request for production of documents includes all originals and copies of documents within your care, custody, and control or that of your agents, employees, representatives, attorneys, and accountants.

3.      If, in responding to or failing to respond to these discovery requests, you invoke or rely upon privilege of any kind, state specifically the nature of the privilege, the basis upon which you invoke, rely or claim it, including statutory or decisional reference, and identify all documents or other information, including contacts and communications, which you believe to be embraced by the privilege invoked.

4.      Throughout these discovery requests language should be read in light of the context in which it is used. The singular includes the plural and the plural includes the singular where appropriate. The masculine is intended to refer to the feminine where appropriate and vice versa. "And" and "or" should be read as "and/or" where necessary to give a request the broadest possible meaning.

## II.   DEFINITIONS

As used in these discovery requests, the terms listed below are defined as follows:

1.      "Document" means any recorded material in any form, including originals and copies (whether identical or not), including without limitation correspondence, memoranda, notes, desk calendars, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, facsimile, invoices, work sheets and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, tapes,

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO HINRICHS FINANCIAL
CORPORATE BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 2

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1  tape recording transcripts, graphic or aural records or representations of any kinds, and

2  electronic, mechanical or electric records or representations of any kind, of which you have

3  knowledge or which are now or were formerly in your actual or constructive possession,

4  custody or control.

5     2. "Possession" includes the joint or several possession, custody or control not only

6  by the person to whom these discovery requests are addressed, but also the joint and several

7  possession, custody or control by each or any other person acting or purporting to act on behalf

8  of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or

9  otherwise.

10    3. "Relates to" or "relating to" means supports, evidences, describes, mentions,

11 refers to, concerns, contradicts, or compromises.

12    4. "Person" means any person, firm, corporation, partnership, proprietorship, joint

13 venture, organization, group or persons, or other associations separately identifiable, whether or

14 not such association has a separate legal existence in its own right.

15    5. "Provident" refers to Defendant Provident Life and Accident Insurance

16 Company, including, without limitation, its agents, employees, representatives, parent entities

17 (such as Unum Group), predecessors, successors, attorneys, and accountants.

18    6. "D.R. Horton" refers to D.R. Horton, Inc., including, without limitation, its

19 agents, employees, representatives, parent entities, subsidiaries (including, without limitation,

20 DHI Mortgage Company Ltd.), predecessors, successors, attorneys, and accountants.

21    7. "You" refers to Hinrichs Financial Corporate Benefits, LLC, including, without

22 limitation, its agents, employees, representatives, parent entities, predecessors, successors,

23 attorneys, and accountants.

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO HINRICHS FINANCIAL
CORPORATE BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 3

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

8.      Throughout these requests, the masculine includes the feminine, the singular includes the plural, and "and" and "or" should be read as "and/or", whenever necessary to give a request the broadest possible meaning.

## III.    REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1: Please produce all documents related to this lawsuit.

RESPONSE:


REQUEST FOR PRODUCTION NO. 2: Please produce all communications regarding the offering of Provident disability insurance policies to employees of D.R. Horton, Inc.

RESPONSE:


REQUEST FOR PRODUCTION NO. 3: Please produce all documents or communications (including websites) used to promote, market, advertise, publicize, or sell Provident disability insurance policies to employees of D.R. Horton, Inc.

RESPONSE:


REQUEST FOR PRODUCTION NO. 4: Please produce all drafts, templates, or working copies of any document responsive to the foregoing request. Without limiting the foregoing or any other request herein, this request seeks production of electronic documents in their native format.

RESPONSE:

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO HINRICHS FINANCIAL
CORPORATE BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 4

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

1    REQUEST FOR PRODUCTION NO. 5: Please produce all documents used or relied on

2  by you to respond to questions from D.R. Horton employees regarding Provident disability

3  insurance coverage, including, without limitation, telephone intake scripts, summaries of

4  coverage, documents or training materials provided to persons responding to phone calls or

5  emails from D.R. Horton employees, or documents used in preparing any website maintained in

6  connection with the offering.

7    RESPONSE:

8

9    REQUEST FOR PRODUCTION NO. 6: Please produce all drafts, templates, or working

10  copies of any document responsive to the foregoing request. Without limiting the foregoing or

11  any other request herein, this request seeks production of electronic documents in their native

12  format.

13    RESPONSE:

14

15

16    REQUEST FOR PRODUCTION NO. 7: Please produce all documents containing,

17  memorializing, or referring to communications with Provident or its attorneys regarding this

18  lawsuit.

19    RESPONSE:

20

21    REQUEST FOR PRODUCTION NO. 8: Please produce all agreements, timelines,

22  processes, manuals, protocols, guidance, rules, outlines, or procedures regarding work

23  performed in connection with the Provident disability insurance policies offered to employees of

24

25

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

D.R. Horton, Inc., including, without limitation, the promotion of the policies and the post-sale administration of the policies.

RESPONSE:


REQUEST FOR PRODUCTION NO. 9: Please produce all drafts, templates, or working copies of any document responsive to the foregoing request. Without limiting the foregoing or any other request herein, this request seeks production of electronic documents in their native format.

RESPONSE:


REQUEST FOR PRODUCTION NO. 10: Please produce all documents related to the post-sale administration (e.g., claims handling, policy amendment, or premium payments) of any Provident disability insurance policy sold to a D.R. Horton employee.

RESPONSE:


REQUEST FOR PRODUCTION NO. 11: Please produce documents sufficient to identify all monies you received, disbursed, paid, passed through, or handled related to the offering of Provident disability insurance policies to employees of D.R. Horton, Inc. or to the administration of those insurance policies after their sale.

RESPONSE:


REQUEST FOR PRODUCTION NO. 12: Please produce all documents not otherwise responsive to these requests that contain, reflect, memorialize, or describe your actions taken

ATTACHMENT A TO SUBPOENA DUCES
TECUM TO HINRICHS FINANCIAL
CORPORATE BENEFITS, LLC D/B/A HFCB
(No. 3:20-cv-05931-BHS) - 6

**Ruiz & Smart PLLC**
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702

regarding the offering of Provident disability insurance policies to employees of D.R. Horton, Inc.

RESPONSE:


REQUEST FOR PRODUCTION NO. 13: For any enrollment, offering, marketing, or sale of benefits insured by Unum Group, or any of its subsidiaries, in which you were involved from 2005 through the present, produce documents sufficient to show the following:

(a)     your role in the enrollment, offering, marketing, or sale;

(b)     the identity of any employer involved in the enrollment, offering, marketing, or sale;

(c)     the number of insurance policies sold; and

(d)     the amount and source of all payments received in connection therewith.

RESPONSE:


REQUEST FOR PRODUCTION NO. 14: Please produce documents sufficient to show your role with respect to any benefit offered to D.R. Horton employees besides the Provident disability insurance policies.

RESPONSE:

RUIZ & SMART PLLC
1200 Fifth Ave., Ste. 1220
Seattle, WA 98101
Tel. 206-203-9100 Fax 206-785-1702